VAN LANDINGHAM v. CRUCE.

Opinion delivered March 27, 1922.

1. GUARDIAN AND WARD—PURCHASE BY GUARDIAN OF WARD'S INTEREST.
   —Where the purchaser at a partition sale of lands of an estate
   had a previous agreement with the guardian of an interested
   minor heir to let him have a half interest in the land, the sale
   is voidable within Crawford & Moses' Dig., § 8115, prohibiting a
   guardian from being interested in the purchase of lands except
   for the benefit or in behalf of his ward.

2. TRUSTS—INNOCENT PURCHASER.—Where a guardian and another
   purchased, at partition sale, lands in which his ward was in-
   terested, and afterwards resold the lands to an innocent pur-
   chaser, they will be held to account as trustees for the profit
   made by them on the resale of the lands.

3. PARTITION—VALIDITY OF SALE.—A sale for partition is not void
   because the decree of sale did not include all the lands described
   in the petition for partition.

Appeal from Drew Chancery Court, *D. D. Crenshaw*, special Chancellor; reversed.

*J. W. Kimbro*, and *Streett Burnside & Streett*, for appellants.

1. The court had no right or power to order a sale of a part of the minor's lands for partition, thereby refusing to partition the whole estate. 43 Ky. 210.

2. The order of confirmation was procured by the fraud of the defendant Cruce, for his own personal benefit, to the detriment of the minors. He was in reality a purchaser at the sale, as evidenced by his course of conduct with Boyd and the acquirement by him of a half interest in the 320-acre tract, and Boyd was aware of his relationship toward the estate and the minor. C. & M. Digest, § 8101.

3. If Mrs. Ginter is to be protected in her title as an innocent purchaser, then Cruce and Boyd ought to be held to account as trustees for the profit arising from their sale of the lands to her. 96 Ark. 573; 141 *Id.* 256; 49 *Id.* 242; 23 *Id.* 622; 129 *Id.* 149.

*Henry & Harris,* for appellees.

1.   The evidence clearly shows that the forty-acre tract omitted from the order of sale was intended to be assigned to the widow, and that all of the lands were considered by the commissioners and the court.   As to the rights of the infants, they not only had the right to join in the partition suit, but also were the moving parties in the proceedings.   Their status is the same now, as if they had been adults at the time the decree was rendered. 55 Ark. 22.   The sale complained of having been duly confirmed, all irregularities were thereby cured.   126 Ark. 253; 90 *Id*. 166; 55 *Id*. 485.

If Mrs. Ginter was an innocent purchaser, and appellants admit that, then they would not be entitled to recover the land, even though they offered to return the purchase price.   49 Ark. 397; 110 *Id*. 317; 10 Bush. 61.

The court had jurisdiction, and might properly have withheld part of the land from sale while ordering another part sold, and under certain circumstances it would have been its duty so to do.

2.   Conceded that Cruce ought to be held to a strict account if he purchased, or was interested in the purchase of, the lands sold.   But that is a question of fact to be determined by the preponderance of the evidence.   We think the chancellor's finding was correct and should be sustained.

SMITH, J. This is a bill of review to vacate a decree of the chancery court ordering and approving the sale of a certain tract of land for purposes of partition.   It is alleged that on August 8, 1919, an *ex parte* petition was filed by the widow and heirs-at-law of Charles Richardson, deceased, for the partition of his lands.   The parties to this proceeding were the widow, an adult son, and two infant children, a son and a daughter.   The infant son, Charles Zack Richardson, was represented by H. P. Cruce, his guardian.

The land described in the petition amounted to 720 acres, and the commissioners appointed to make parti-.

tion set aside to the widow and the minor.heirs a homestead consisting of 160 acres; and they also set aside to the widow 200 acres as dower. The commissioners reported that they had found it impracticable to divide or partition the remainder of the land, which they described in their report as containing 320 acres. It thus appears that there was a 40-acre tract of land omitted from their report. The court approved the action of the commissioners in assigning 160 acres as homestead and 200 acres as dower, and ordered the sale of the 320 acres described in the commissioners' report as the remainder, and made no order in regard to the 40-acre tract which was omitted from the commissioners' report.

A commissioner was appointed to sell the land, and a sale was made by him pursuant to the directions of the decree. At the sale the commissioner first offered the land in 40-acre tracts, and as thus offered the combined bids aggregated $900. The commissioner then offered the 320-acre tract, and Evie Boyd was the highest bidder and became the purchaser at the sum of $1,010.

It is alleged in the bill of review that this sale was void because the decree of partition did not include all the lands described in the petition therefor, and because the purchase by Boyd was for the joint benefit of himself and the guardian of the minor son. It was admitted that by mesne conveyances one Mrs. E. V. Ginter had acquired the land from Boyd and Cruce for the sum of $3,200; that she was an innocent purchaser, and had bought without knowledge of any defect in the sale, and that she had paid the full market value for the land. The prayer of the complaint was that the decree of sale be declared void because it did not include all the lands described in the petition for partition, and, in the alternative, if this was not done, that the purchase by Boyd and Cruce be declared to have been made as trustees.

The bill of review was dismissed as being without equity, and this appeal is from that decree.

Cruce was not only the guardian of the infant son, but he was also the administrator of the estate, and at

the time of the sale by the commissioner had not made his final settlement as administrator. When the land was first offered in 40-acre tracts, Cruce was the highest bidder for one of them, but he made no bid when the land was offered as an entirety. The sale was made by the commissioner on January 16, 1920, and was confirmed and the deed to Boyd approved on March 3, 1920. On March 10, 1920, Boyd conveyed to Cruce an undivided half interest in the land for $505, which was exactly one-half of the sum bid and paid by Boyd. On March 30, 1920, Boyd and Cruce conveyed the land to Mrs. Ginter for $3,200.

Cruce testified that he had no interest in Boyd's bid at the time it was made; and Boyd corroborated him in this statement. Cruce further testified that his only concern in the sale was to see that the land brought the highest possible price; but we think his zeal in this behalf caused him to go too far and beyond the limit allowed by law. Cruce admits that sometime before the sale Boyd stated he had some surplus money he would like to invest in real estate, and had asked him (Cruce) to notify him of any bargains he might see along that line, and that he went to Boyd the day the commissioners met and told him that the court would probably order the Richardson lands sold.

One of the commissioners and the grandfather of Cruce's ward both testified that after the sale they heard Cruce make a statement to the effect that he (Cruce) told Boyd to come over to the sale, and that they would not be hurt at $5 per acre, and that he (Cruce) would go him (Boyd) "halvers," and that Boyd said, "All right, if you will go me halvers, I will go." Cruce explains this by saying that his remark was made merely to induce Boyd to buy, and that there was no agreement whereby Boyd was to convey him any interest in the land, and that he did not assume any obligation to buy any interest in the land. Boyd corroborates this statement, but he admitted that Cruce said to him, "Come on and bid on the land, and if you don't bid over $1,500, I

will go you halvers." He further admitted that he had never seen the land and knew nothing about it except what Cruce had told him.

Cruce himself made the following admission: "Just about the hour for the sale I walked by the store and asked Mr. Boyd if he was going to bid on that Richardson land. I insisted that he come over to the sale. Finally, after I saw he seemed to be indifferent, I just remarked to him to come over and bid on that land, and that if you are afraid of it, and if you won't pay over a certain figure, which I named, I will go you half interest in it."

Cruce further testified that he supposed Boyd had bought for himself, and that his purchase ended the matter, but a few days after the sale Boyd came to him about taking and paying for a half interest, and that he stated it was not convenient for him at that time to do so, but as Boyd insisted he complied with his request and paid Boyd one-half his bid and took a deed to a half interest in the land.

We think this testimony makes a case coming within the inhibition of section 8115, C. & M. Digest, which provides that "no commissioner, nor any person, for his benefit, shall purchase or be directly or indirectly interested in the purchase of any of the premises sold, nor shall any guardian of any minor or person of unsound mind, party to the proceedings, purchase or be interested in the purchase of any of the lands, the subject of the proceedings, except for the benefit or in behalf of his ward; and all sales contrary to the provisions of this section shall be void." See also *McLaughlin* v. *Morris*, 150 Ark. 347, and the cases there cited.

We think the purchase of Boyd must be held as having been made for the benefit of himself and of Cruce, and, this being true, they must account as trustees for the profit made by them on the sale of the land to Mrs. Ginter.

We think the omission of the 40 acres from the decree of sale did not render that decree void. It is in-

sisted that this 40-acre tract was in fact included in the widow's dower as assigned to her by the commissioners appointed for that purpose. This may, or may not, be true. If true, it may, by *nunc pro tunc* order, be made to so appear. It does not appear why the land was not included in the decree of sale if it was not in fact assigned to the widow as dower. There is provision in the statute, however, (§ 8114, C. & M. Digest), where lands are not susceptible of division in kind, for their division and sale in parcels if this is to the advantage of the parties interested. The court below can make appropriate orders concerning this 40-acre tract, if it has not already done so.

The decree of the court below will therefore be reversed, and the cause remanded with directions to require Boyd and Cruce to account for the profits made by them on their sale to Mrs. Ginter as trustees.